**SCOTT D. HUGHES, APLC**
Scott D. Hughes, Esq. (Bar No. 253611)
620 Newport Center Drive, Suite 1100
Newport Beach, CA 92660
Telephone: (714) 423-6928
Facsimile: (714) 845-0030
E-mail: scott@scotthugheslaw.com

**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (Bar No. 144074)
dalekgalipo@yahoo.com
Melanie T. Partow, Esq. (Bar No. 254843)
mpartow@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHY CRAIG, and GARY CRAIG, individually and as successors-in-interest to BRANDON LEE WITT, deceased, <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF ORANGE, and NICHOLAS PETROPULOS, an individual, and DOES 1-10, inclusive, <br><br> Defendants. | Case No.: <br><br> **COMPLAINT FOR DAMAGES** <br><br> 1. **Unreasonable Search and Seizure - Detention and Arrest (42 U.S.C. § 1983);** <br> 2. **Unreasonable Search and Seizure – Excessive Force and Denial of Medical Care (42 U.S.C. § 1983)** <br> 3. **Municipal and Supervisorial Liability (42 U.S.C. § 1983);** <br> 4. **Due Process – Interference With Familial Relationship (42 U.S.C. § 1983);** <br> 5. **Battery;** <br> 6. **Negligence; and** <br> 7. **Violation of Bane Act (Cal. Civ. Code § 52.1.** <br><br> **DEMAND FOR JURY TRIAL** |

COMES NOW, Plaintiffs Kathy Craig and Gary Craig, individually and as successors in interest to Brandon Lee Witt, deceased, for their complaint against Defendants County of Orange, Deputy Nicholas Petropulos, and Does 1-10, inclusive, and alleges as follows:

## INTRODUCTION

1. This civil rights action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the February 18, 2016, shooting of Brandon Lee Witt by Deputy NICHOLAS PETROPULOS.

## PARTIES

2. At all relevant times, KATHY CRAIG is an individual residing in the State of Missouri. At all relevant times, GARY CRAIG is an individual residing in the State of Tennessee. Hereinafter, collectively referred to as "PLAINTIFFS." At all relevant times, BRANDON LEE WITT ("WITT"), deceased, was an individual residing in the County of Orange, State of California. Plaintiffs KATHY CRAIG and GARY CRAIG, are the biological parents of Brandon Lee Witt.

3. At all relevant times, Defendant COUNTY OF ORANGE ("COUNTY") is and was a duly organized public entity, form unknown, existing under the laws of the State of California. At all relevant times, COUNTY was the employer of Defendants NICHOLAS PETROPULOS ("PETROPULOS") and DOES 1-4, who were COUNTY Sheriff's Deputies, DOES 5-6, who were COUNTY sheriff's deputies' supervisorial officers, and DOES 7-10, who were managerial, supervisorial, and policymaking employees of the COUNTY Sheriff's Department. On information and belief, at all relevant times, PETROPULOS and DOES 1-10 were residents of Orange, California. PETROPULOS and DOES 1-10 are sued in their individual capacity for damages only.

4. At all relevant times, Defendants PETROPULOS and DOES 1-10 were duly authorized employees and agents of COUNTY, who were acting under color of law within the course and scope of their respective duties as sheriff's deputies and with the complete authority and ratification of their principal, Defendant COUNTY.

5. At all relevant times, Defendants PETROPULOS and DOES 1-10 were duly appointed officers and/or employees or agents of COUNTY, subject to oversight and supervision by COUNTY's elected and non-elected officials.

6. In doing the acts and failing and omitting to act as hereinafter described, Defendants PETROPULOS and DOES 1-10 were acting on the implied and actual permission and consent of COUNTY.

7. At all times mentioned herein, each and every COUNTY defendant was the agent of each and every other COUNTY defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every COUNTY defendant.

8. The true names of defendants DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues these defendants by such fictitious names. Plaintiffs will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained. Each of the fictitious named defendants is responsible in some manner for the conduct and liabilities alleged herein.

9. On May 6, 2016, PLAINTIFFS filed comprehensive and timely claims for damages with COUNTY pursuant to applicable sections of the California Government Code.

10. On November 4, 2016, COUNTY rejected PLAINTIFFS' claims for damages.

## JURISDICTION AND VENUE

11. This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, and the Fourth and Fourteenth Amendments of the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

12. Venue is proper in this Court under 28 U.S.C. § 1391(b), because Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in Orange County, California.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

13. PLAINTIFFS repeat and reallege each and every allegation in paragraphs 1 through 12 of this Complaint with the same force and effect as if fully set forth herein.

14. On or about February 15, 2016, Brandon Lee Witt was lawfully sitting inside of his vehicle in the parking lot of "Extended Stay America" located at 22711 Oakcrest Circle, in the City of Yorba Linda, California.

15. At or near 22711 Oakcrest Circle, PETROPULOS discharged his firearm at WITT, who was unarmed, striking him several times, including a gunshot wound to the chest, causing WITT serious physical and emotional injuries.

16. WITT was inside a vehicle and PETROPULOS was on foot at the time of the shooting.

17. WITT never attempted to strike PETROPULOS or any other person with his vehicle.

18. At no point during this incident did WITT cause serious bodily injury to PETROPULOS or anyone else.

19. At the time of the shooting, PETROPULOS was not in danger of being struck by the car WITT was driving, nor was anyone else.

20. After PETROPULOS shot WITT at least one time, the involved deputies pulled WITT out of the car and punched and kicked him, including strikes to both WITT's head and body. As a result of these strikes, WITT suffered further severe physical and emotional injuries.

21. As a result of being shot at least one time, WITT was unable to defend himself against these punches and kicks.

22. WITT never attempted to punch, kick or verbally threaten anyone.

23. After being shot at least one time by PETROPULOS, WITT was bleeding profusely. Despite WITT's obvious serious injuries, PETROPULOS did not timely summons medical attention for WITT.

24. WITT was unarmed and posed no imminent threat of death or serious physical injury to either PETROPULOS or any other person if he was not immediately apprehended.

25. PETROPULOS violated the County sheriff's department's policy regarding shooting at moving vehicles.

26. On information and belief, the Orange County Sheriff's Department vehicles are equipped with dashboard cameras that recorded part or all of this shooting. Further, on information and belief, a copy of this surveillance recording has been provided to investigators from the Sheriff's Department investigating the shooting.

## FIRST CLAIM FOR RELIEF

### Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)

### (Against Defendants NICHOLAS PETROPULOS and DOES 1-4)

27. PLAINTIFFS repeat and reallege each and every allegation in paragraphs 1 through 26 of this Complaint with the same force and effect as if fully set forth herein.

28. The excessive and unreasonable force used against WITT by Defendants PETROPULOS and DOES 1-4, which included, but is not limited to unjustifiably shooting of WITT at least once and then dragging him out of the car and striking him, deprived WITT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to WITT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

29. As a result of the excessive and unreasonable force used against WITT, he suffered serious physical and emotional injuries, including, but not limited to, sustaining at least one gunshot wound and other injuries.

30. WITT was not armed and at no time during the incident did he verbally threaten or attempt to punch, kick, or grab Defendants PETROPULOS, DOES 1-4 or any other person. Further, WITT never attempted to strike anyone with the car he was driving.

31. Deputy PETROPULOS violated the County Sheriffs' Department's policy regarding shooting at moving vehicles.

32. As a result of the conduct of PETROPULOS and DOES 1-4, they are liable for WITT's injuries, either because they were integral participants in the excessive force, or because they failed to intervene to prevent these violations.

33. The conduct of Defendants PETROPULOS and DOES 1-4 was willful, wanton, malicious and done with a reckless disregard for the rights and safety of WITT and

therefore warrants the imposition of exemplary and punitive damages against them.

34. Accordingly, Defendants PETROPULOS and DOES 1-4 each are liable to PLAINTIFFS for compensatory and punitive damages under 42 U.S.C. §1983.

35. Plaintiff also seeks attorney fees under this claim.

## SECOND CLAIM FOR RELIEF

**Denial of Medical Care in Violation of the Fourth and Fourteenth Amendments**

**(42 U.S.C. § 1983)**

**(Against Defendants NICHOLAS PETROPULOS and DOES 1-4)**

36. PLAINTIFFS repeat and reallege each and every allegation in paragraphs 1 through 35 of this Complaint with the same force and effect as if fully set forth herein.

37. The Fourth Amendment to the U.S. Constitution, which is applied to state actors by the Fourteenth Amendment, guarantees all individuals the right to be free from unreasonable searches and seizure and from excessive force by law enforcement. The Fourth Amendment also requires the provision of medical care to persons who have been injured while being apprehended by law enforcement. The due process clause of the Fourteenth Amendment also guarantees pretrial detainees protection from deliberate indifference to their serious medical needs. A private right of action is afforded to individuals seeking redress for denial of medical care in violation of the Fourth and Fourteenth Amendment by 42 U.S.C. § 1983.

38. Defendants PETROPULOS and DOES 1-4 used excessive force against WITT in the course of unlawfully detaining him, including but not limited to, shooting him at least once then striking him.

39. Defendants PETROPULOS and DOES 1-4 knew that failure to provide timely medical treatment to WITT could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need by delaying in getting WITT medical attention. Despite observing WITT bleeding profusely from his gunshot wound, PETROPULOS and DOES 1-4 did not timely summons medical attention for WITT.

40. WITT was not armed and at no time during the incident did he verbally

threaten or attempt to punch, kick, or grab Defendants PETROPULOS, DOES 1-4 or any other person. Further, WITT never attempted to strike anyone with the car he was driving.

41. The denial of medical care by Defendants PETROPULOS and DOES 1-4 deprived WITT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to WITT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

42. As a result, WITT suffered extreme pain and suffering.

43. The conduct of Defendants PETROPULOS and DOES 1-4 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of WITT and therefore warrants the imposition of exemplary and punitive damages as to Defendants PETROPULOS and DOES 1-4.

44. PLAINTIFFS also seek attorney's fees under this claim.

### THIRD CLAIM FOR RELIEF

**Municipal Liability for Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

**(Against Defendants COUNTY and DOES 5-10)**

45. PLAINTIFFS repeat and reallege each and every allegation in paragraphs 1 through 44 of this Complaint with the same force and effect as if fully set forth herein.

46. On information and belief, Defendants PETROPULOS and DOES 1-4's shooting of WITT and subsequent striking of WITT, who was unarmed at the time of the shooting and who never attempted to strike anyone with his car, was found to be within COUNTY Sheriff's Department policy.

47. On information and belief Defendant COUNTY Sheriff's Department supervisorial officers ratified Defendants PETROPULOS and DOES 1-4's use of force against WITT, who was unarmed the time of the shooting and who never attempted to strike anyone with his car.

48. On information and belief Defendants PETROPULOS and DOES 1-4 were not disciplined for the use of force used against WITT, who was unarmed the time of the shooting and who never attempted to strike anyone with his car.

49. On and for some time prior to February 15, 2016 (and continuing to the present date) Defendants DOES 5-10, deprived WITT of the rights and liberties secured to him by the Fourth and Fourteenth Amendments to the United States Constitution, in that said defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of WITT, and of persons in his class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

    (a) Employing and retaining as sheriff's deputies and other personnel, including PETROPULOS, who Defendants DOES 5-10, at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written COUNTY Sheriff's Department's policies;

    (b) Of inadequately supervising, training, controlling, assigning, and disciplining COUNTY Sheriff's Deputies, and other personnel, including PETROPULOS, who Defendants COUNTY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

    (c) By failing to adequately train deputies, including Defendant PETROPULOS, and failing to institute appropriate policies, regarding constitutional procedures and practices for shooting at occupiedvehicles and moving vehicles;

    (e) By having and maintaining an unconstitutional policy, custom, and practice of using excessive force, including deadly force, which also is demonstrated by inadequate training regarding these subjects. The policies, customs, and practices of DOES 5-10 and COUNTY, were done with a deliberate indifference to individuals' safety and rights; and

    (f) Of totally inadequately training COUNTY Sheriff's Deputies, including

Defendant PETROPULOS, with respect to shooting at occupied vehicles and moving vehicles and with respect to the use of deadly force.

50. By reason of the aforementioned policies and practices of Defendants DOES 5-10, WITT was severely injured and subjected to pain and suffering.

51. Defendants DOES 5-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of WITT, and other individuals similarly situated.

52. By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants DOES 5-10, acted with an intentional, reckless, and callous disregard for the well-being of WITT, and his constitutional rights. Defendants DOES 5-10, each of their actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

53. Furthermore, the policies, practices, and customs implemented and maintained and still tolerated by Defendants DOES 5-10, were affirmatively linked to and were a significantly influential force behind the injuries of WITT.

54. Accordingly, Defendants DOES 5-10, each are liable to PLAINTIFFS for compensatory damages under 42 U.S.C. § 1983.

55. PLAINTIFFS also seek attorney's fees under this claim.

**FOURTH CLAIM FOR RELIEF**

**Due Process—Interference with Familial Relationship (42 U.S.C. § 1983)**

**(Against Defendants PETROPULOS and DOES 1-4)**

56. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 55 of her Complaint with the same force and effect as if fully set forth herein.

9
COMPLAINT FOR DAMAGES

57. Plaintiff LOSEE had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in PLAINTIFFS' familial relationship with their son, Brandon Lee Witt.

58. The aforementioned actions of PETROPULOS, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of WITT and PLAINTIFFS, and with purpose to harm unrelated to any legitimate law enforcement objective.

59. PETROPULOS thus violated the substantive due process rights of PLAINTIFFS to be free from unwarranted interference with their familial relationship with WITT, their son.

60. As a direct and proximate cause of the acts of PETROPULOS, PLAINTIFFS suffered emotional distress, mental anguish, and pain. Plaintiff has also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of WITT, and will continue to be so deprived for the remainder of their natural lives.

61. The conduct of PETROPULOS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of WITT and Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to Defendants PETROPULOS.

62. PLAINTIFFS bring their claims as a successors-in-interest to WITT, and seek both survival and wrongful death damages for the violation of WITT's rights. PLAINTIFFS also seek funeral and burial expenses and attorney's fees.

### FIFTH CLAIM FOR RELIEF
**Battery (Cal. Govt. Code § 820)**
**(Against Defendants PETROPULOS, DOES 1-4 and COUNTY)**

63. PLAINTIFFS repeat and reallege each and every allegation in paragraphs 1 through 62 of this Complaint with the same force and effect as if fully set forth herein.

64. Defendants PETROPULOS and DOES 1-4, while working as a Sheriff's

Deputies for the COUNTY Sheriff's Department, and acting within the course and scope of their duties, intentionally shot PLAINTIFF multiple times, then pulled PLAINTIFF out from the car he was in and proceeded to strike him. As a result, PLAINTIFF suffered serious injuries. Defendants PETROPULOS and DOES 1-4 had no legal justification for using force, including deadly force, against WITT and said Defendant's use of force, while carrying out their deputy duties, was an unreasonable use of force.

65. Deputy PETROPULOS violated the County sheriff's department's policy regarding shooting at moving vehicles.

66. As a direct and proximate result of Defendants' conduct as alleged above, WITT was caused to suffer severe pain and suffering. WITT suffered at least one gunshot wound and other injuries. PLAINTIFFS are claiming compensation for medical expenses, past and future pain, suffering, and emotional distress.

67. COUNTY is vicariously liable for the wrongful acts of Defendants PETROPULOS and DOES 1-4 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

68. The conduct of Defendants PETROPULOS and DOES 1-4 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of PLAINTIFFS, entitling them to an award of exemplary and punitive damages.

**SIXTH CLAIM FOR RELIEF**

**Negligence (Cal. Govt. Code § 820)**

**(Against All Defendants)**

69. PLAINTIFFS repeat and reallege each and every allegation in paragraphs 1 through 68 of this Complaint with the same force and effect as if fully set forth herein.

70. The actions and inactions of the Defendants were negligent and reckless, including but not limited to:

    (a) the failure to properly and adequately assess the need to use force or

deadly force against WITT;

(b) the negligent tactics and handling of the situation with WITT, including pre-shooting negligence;

(c) the negligent detention, arrest and use of force, including deadly force, against WITT;

(d) the failure to provide prompt medical care to WITT;

(e) the negligent handling of evidence and witnesses; and

(f) violating County sheriff's department's policy regarding shooting at moving vehicles.

71. As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, WITT was caused to suffer severe pain and suffering.

72. COUNTY is vicariously liable for the wrongful acts of PETROPULOS and DOE OFFICERS pursuant to section 815.2 (a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

## SEVENTH CLAIM FOR RELIEF

### Violation of Bane Act (Cal. Civil Code § 52.1)

**(Against All Defendants)**

73. PLAINTIFFS repeat and reallege each and every allegation in paragraphs 1 through 72 of this Complaint with the same force and effect as if fully set forth herein.

74. California Civil Code, Section 52.1 (the Bane Act), prohibits any person from interfering with another person's exercise or enjoyment of his constitutional rights by threats, intimidation, or coercion.

75. Defendants' Conduct violates the Fourth Amendment violates the California Bane Act.[1]

---

[1] See Chaudhry v. City of Los Angeles, 751 F.3d 1096 (9th Cir. May 19, 2014) (citing Cameron v. Craig, 713 F.3d 1012, 1022 (9th Cir. 2013).

76. Defendants PETROPULOS and DOES 1-4's use of force, including deadly force, was excessive and unreasonable under the circumstances, especially since WITT was unarmed, he never attempted to strike anyone with the car he was driving, and he never cause serious bodily injury to anyone at the time of the shooting. Defendants' actions thus deprived WITT of his right to be free from unreasonable searches and seizures under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

77. PETROPULOS and DOES 1-4, while working as Sheriff's Deputies for the COUNTY sheriff's department, and acting within the course and scope of their duties, interfered with or attempted to interfere with the rights of WITT to be free from unreasonable searches and seizures, to equal protection of the laws, to access to the courts, and to be free from state actions that shock the conscience, by threatening or committing acts involving violence, threats, coercion, or intimidation.

78. WITT reasonably believed that if he exercised his rights, including his civil rights, PETROPULOS and DOES 1-4 would commit acts involving violence, threats, coercion, or intimidation against him.

79. On information and belief Defendants PETROPULOS and DOES 1-4 injured WITT to prevent him from exercising his rights or retaliated against PLAINTIFF for having exercised his rights.

80. WITT was caused to suffer severe pain and suffering and has been injured in mind and body. WITT also incurred medical expenses.

81. The conduct of Defendants PETROPULOS and DOES 1-4 was a substantial factor in causing the harms, losses, injuries, and damages of PLAINTIFF.

81. COUNTY is vicariously liable for the wrongful acts of Defendants PETROPULOS and DOES 1-4 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

82. The conduct of Defendants PETROPULOS and DOES 1-4 was malicious,

wanton, oppressive, and accomplished with a conscious disregard for the rights of PETROPULOS and DOES 1-4 entitling PLAINTIFFS to an award of exemplary and punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFFS request entry of judgment in their favor and against Defendants County of Orange, Nicholas Petropulos and Does 1-10, inclusive, as follows:

A.  For compensatory damages under federal and state law, in the amount to be proven at trial;

B.  Medical Expenses;

C.  For punitive damages against the individual defendants in an amount to be proven at trial;

D.  For interest;

E.  For reasonable costs of this suit and attorneys' fees; and

F.  For such further other relief as the Court may deem just, proper, and appropriate.

DATED: March 17, 2017

/ s /   Scott D. Hughes
SCOTT D. HUGHES
Attorney for Plaintiffs

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury.

DATED:  March 17, 2017

/s/ Scott D. Hughes
SCOTT D. HUGHES
Attorney for Plaintiffs